IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**RECEIVED**

| | |
|---|---|
| GINGER CRAVEY, as Administratrix of the<br>Estate of RILEY CRAVEY, deceased,<br><br>       Plaintiff,<br><br>v.<br><br>TMA FOREST PRODUCTS GROUP,<br>A Division of Tennessee River Pulp and Paper<br>Company, a Subsidiary of Packaging<br>Corporation of America or PACTIVE<br>CORPORATION a/k/a PACTIV;<br>LOUISIANA-PACIFIC CORPORATION;<br>D & D LUMBER COMPANY, INC. d/b/a<br>LOCKHART LUMBER COMPANY; and<br>DEFENDANTS A, B, C and D,<br><br>       Defendants. | 2006 FEB 28 P 4: 12<br><br>DEBRA P. HACKETT, CLK<br>Civil Action No. U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br>2:06cv191-DRB<br><br>(Removed from the Circuit Court of<br>Covington County, Alabama,<br>formerly Civ. Action No. CV-06-22) |

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

      Pursuant to U.S.C. §§ 1332, 1441 and 1446, Defendants Pactiv Corporation

("Pactiv") and  Louisiana-Pacific Corporation ("Louisiana-Pacific") hereby give notice of

removal of this action from the Circuit Court of Covington County, Alabama to the United

States District Court for the Middle District of Alabama, Northern Division.  Reserving

any and all rights, objections, defenses and exceptions to the extent required, Pactiv and

Louisiana-Pacific state the following grounds for removal.

## BACKGROUND

1.

Plaintiff filed suit on January 30, 2006 in the Circuit Court of Covington County, Alabama, said action being designated as Civil Action File No. CV-06-19 ("Circuit Court Action"). Pactiv and Louisiana-Pacific were each served with the Complaint on February 2, 2006.

2.

Pactiv and Louisiana-Pacific remove this case based on diversity jurisdiction under 28 U.S.C. § 1332(a) and the doctrine of fraudulent joinder. *See, e.g., Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005); *Owens v. Life Ins. Co.*, 289 F. Supp. 2d 1319, 1323-24 (M.D. Ala. 2003).

3.

The other named defendants are (i) D & D Lumber Company, Inc. d/b/a Lockhart Lumber Company ("D & D Lumber"); and (ii) fictitiously named Defendants "A," "B," "C" and "D."

4.

Plaintiff claims damages allegedly resulting from the release of chemicals into the environment by Defendants during their operation of a wood treatment facility in Lockhart, Alabama (the "Facility"). Plaintiff asserts causes of action against D & D Lumber for negligence, recklessness, negligence per se, intentional tort, trespass, conspiracy, products liability, failure to warn, and spoliation and destruction of evidence.

5.

Plaintiff fraudulently joined D & D Lumber as a Defendant in this case. For the reasons set forth below, Plaintiff cannot possibly state a valid cause of action against D&D Lumber under Alabama law. There is complete diversity among the remaining, properly joined Defendants.

## DIVERSITY JURISDICTION

6.

This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). When the citizenship of D & D Lumber, doing business as Lockhart Lumber, and the fictitious defendants are disregarded, there is complete diversity between Plaintiff and the remaining two Defendants. Further, the amount in controversy between the Plaintiff and the Defendants exceeds $75,000.

7.

Upon information and belief, Plaintiff is and was a citizen of the State of Alabama both at the time of the commencement of this action and at the time of removal. Upon information and belief, decedent was a citizen of Alabama at the time of his death.

8.

Pactiv is and was a Delaware corporation with its principal place of business in Illinois both at the time that suit was filed and at the time of removal. Tennessee River Pulp and Paper Company ("TRPPC"), a former subsidiary of Pactiv's predecessor, no longer exists. TRPPC was a Delaware corporation before its merger into Pactiv's predecessor on or about December 31, 1987. TMA Forest Products Group was a division of the former TRPPC. It was never a distinct corporate entity.

3

9.

Louisiana-Pacific is and was a Delaware corporation with its principal place of business in Tennessee both at the time that suit was filed and at the time of removal.

10.

Plaintiff also names "Defendants A, B, C and D who are persons or entities that caused or allowed Plaintiff's injury, that will be added by Amendment when their true identity is ascertained." The citizenship of defendants sued under fictitious names is disregarded for purposes of removal. *See* 42 U.S.C. § 1441(a); *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989).

11.

Complete diversity of citizenship in this action exists under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the State of Alabama and Defendants, disregarding the fraudulently joined and fictitious defendants, are citizens of Delaware, Illinois, and Tennessee.

## **FRAUDULENT JOINDER**

12.

D & D Lumber is the only the Alabama defendant. Therefore, it is the only entity named by Plaintiff which could defeat complete diversity here. Based upon the factual allegations and injuries asserted in the Complaint, there is no possibility that the Plaintiff can establish a valid cause of action against D & D Lumber.

### D & D Lumber Did Not Own or Operate the Facility and Has No Connection to Plaintiff's Claims

13.

Plaintiff alleges that D & D Lumber, doing business as Lockhart Lumber, owned and operated the Facility for a number of years before Pactiv acquired the Facility and released chemicals into the environment. *See* Complaint ¶¶ 9, 52, 68.

14.

Pactiv's predecessor, however, owned and operated the Facility before D & D Lumber or Lockhart Lumber ever existed. Pactiv's predecessor later sold the Facility to Louisiana-Pacific. D & D Lumber never owned or operated the Facility.

15.

D & D Lumber was first incorporated in Montgomery County, Alabama on November 13, 1978. *See* D & D Lumber Articles of Incorporation (attached hereto as Exhibit A). Lockhart Lumber, the entity which Plaintiff alleges D & D Lumber did business as, was also first incorporated in Montgomery County, Alabama on that same date. *See* Lockhart Lumber Articles of Incorporation (attached hereto as Exhibit B).

16.

Pactiv's predecessor already owned and operated the Facility by November 13, 1978, the date D & D Lumber and Lockhart Lumber first existed. Pactiv's predecessor acquired the Facility under an agreement dated December 15, 1977, which subsequently closed on January 19, 1978. *See* Declaration of Lisa Greuel (attached hereto as Exhibit C).

17.

D & D Lumber or Lockhart Lumber, therefore, could not possibly have owned or operated the Facility—they did not exist before Pactiv's predecessor owned the Facility. Accordingly, Plaintiff has no possible claim against D & D Lumber or Lockhart Lumber.

## Plaintiff's Claims Against D & D Lumber are Barred by the Twenty-Year Alabama Rule of Repose.

18.

At least 26 years have passed since all alleged acts and omissions giving rise to Plaintiff's claims against D & D Lumber transpired. Plaintiff alleges that D & D Lumber relinquished ownership and control of the Facility on or about March 6, 1979. *See* Complaint ¶¶ 9, 12. (In fact, Pactiv's predecessor acquired the Facility on or about January 19, 1978.)

19.

Accordingly, Plaintiff cannot state a valid claim against D & D Lumber because the 20-year Alabama Rule of Repose has expired and bars each of Plaintiff's claims. *See, e.g., Morgan v. Exxon Corp.*, 869 So.2d 446 (Ala. 2003).

## Plaintiff's Claims Against D & D Lumber are Barred by Applicable Statutes of Limitation.

20.

Plaintiff cannot state claims against D & D Lumber for negligence (Count One), negligence per se (Count Three), conspiracy (Count Six), products liability (Count Seven), "failure to warn" (Count Eight), or "spoliation" (Count Nine) because the two-year Statute of Limitation period applicable to these claims under Ala. Code § 6-2-38 has long expired.

21.

Likewise, Plaintiff cannot state a claim against D & D Lumber for recklessness (Count Two), intentional tort (Count Four), or trespass (Count Five) because the six-year Statute of Limitation period applicable to these claims under Ala. Code § 6-2-34 has long expired.

22.

Because D & D Lumber has no connection to the Facility, and because Plaintiff's claims are barred as a matter of law in any event by the twenty-year Alabama Rule of Repose and the applicable Alabama Statutes of Limitation, D & D Lumber is fraudulently joined to Plaintiff's Complaint. A fraudulently joined defendant does not need to consent to the removal. *See, e.g.*, *GMFS, L.L.C. v. Bounds*, 2003 WL 21909158 (S.D. Ala. 2003) (finding that a defendant fraudulently joined to defeat removal need not join in or consent to removal); *Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1222 n.11 (M.D. Ala. 1991) overruled on other grounds as recognized in *Reneau v. Oakwood Mobile Homes,* 952 F.Supp. 724 (N.D.Ala. Jan 28, 1997); *Sideritis v. State of Indiana*, 830 F.Supp. 1156, 1159, 1160 (N.D. Ind. 1993); *Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193, 1995 (S.D. Miss. 1989).

## **AMOUNT IN CONTROVERSY**

23.

The amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff asserts that Decedent suffered injuries and damages, including death. Complaint, ¶ 7.

24.

Moreover, Plaintiff seeks recovery of punitive damages. Complaint at p. 34.

25.

Although the Complaint does not identify a specific amount in controversy, the nature of Plaintiff's claims and alleged damages unequivocally demonstrate that the amount in controversy exceeds the jurisdictional threshold. Defendant may show that Plaintiff's claims meet the amount in controversy if "it is facially apparent" from the Complaint that Plaintiff's claims satisfy the required amount. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

26.

Here, Plaintiff seeks damages exceeding the jurisdictional minimum on the face of the Complaint, particularly inasmuch as Plaintiff seeks punitive damages. Complaint at p. 34; *see also Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *Steele v. Underwriters Adjusting Co.,* 649 F. Supp. 1414, 1417 (M.D. Ala. 1986).

27.

The allegations and claims against Pactiv and Louisiana-Pacific in Plaintiff's Complaint are virtually identical to the allegations and claims in four related complaints filed contemporaneously in the United States District Court, Middle District of Alabama by the same Plaintiffs' counsel. *See Chambers v. Pactiv Corp.,* Civ. Action No. 2:06-CV-0083-WKW; *Phillips v. Pactiv Corp.,* Civ. Action No. 2:06-CV-0084-WKW; *Thompson v. Pactiv Corp.,* Civ. Action No. 2:06-CV-0085-WKW; and *Edwards v. Pactiv Corp.,* 2:06-CV-0086-WKW (the "Middle District Complaints").

8

28.

Each Middle District Complaint alleges that the amount in controversy exceeds the $75,000 minimum requirement of 28 U.S.C. § 1332. *See* Middle District Complaints.

## **REMOVAL IS PROPER**

29.

The United States District Court for the Middle District of Alabama, Northern Division, is the federal judicial district embracing the Circuit Court for Covington County, Alabama, where the suit was originally filed. *See* 28 U.S.C. § 98(a). Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

30.

As noted above, Plaintiff filed her Complaint on January 30, 2006 and served Pactiv and Louisiana-Pacific on February 1, 2006. Therefore, this notice of removal is timely filed. *See* 28 U.S.C. § 1446(b).

31.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1332(a) and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

32.

Pursuant to 28 U.S.C. § 1446(a), Defendants attach a copy of all process, orders, papers, and pleadings served upon them prior to removal as Exhibit D.

33.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the original Notice of Removal will be served promptly upon Plaintiff and filed with the Clerk of the Circuit Court for Covington County, Alabama.

WHEREFORE, Pactiv and Louisiana-Pacific pray that their Notice of Removal be deemed good and sufficient.

Respectfully submitted this _26th_ day of _February_, 2006.

_____
H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
Counsel for Defendant Pactiv Corporation


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

Dennis R. Bailey (4845-I71D)
R. Austin Huffaker (3422-F55R)
Counsel for Defendant Louisiana-Pacific
    Corporation

OF COUNSEL:
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL    36101-0270
Tel: (334) 206-3100
Fax: (334) 262-6277
Bailey e-mail:  drb@rsjg.com
Huffaker e-mail:  rah2@rsjg.com

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GINGER CRAVEY, as Administratrix of the )
Estate of RILEY CRAVEY, deceased, )
                     )
       Plaintiff,                 )    Civil Action No. 2 : O6cv 191 - DRB
                     )
                     )
v.                          )    (Removed from the Circuit Court of
                     )    Covington County, Alabama,
                     )    formerly Civ. Action No. CV-06-22)
                     )
TMA FOREST PRODUCTS GROUP, )
A Division of Tennessee River Pulp and Paper )
Company, a Subsidiary of Packaging )
Corporation of America or PACTIVE )
CORPORATION a/k/a PACTIV; )
LOUISIANA-PACIFIC CORPORATION; )
D & D LUMBER COMPANY, INC. d/b/a )
LOCKHART LUMBER COMPANY; and )
DEFENDANTS A, B, C and D, )
                     )
       Defendants.              )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record a copy of the

within and foregoing **NOTICE OF REMOVAL** by causing a copy of same to be

deposited in the United States Mail, postage prepaid, and properly addressed as follows:

           W. Eason Mitchell
           The Colom Law Firm, LLC
           Post Office Box 866
           Columbus, Mississippi 39703-0866

Gregory A. Cade
Environmental Litigation Group
3529 Seventh Avenue South
Birmingham, Alabama 35222

*Attorneys for Plaintiff*

This 28th day of February, 2006.

_____
Dennis R. Bailey