## DECLARATION OF JOHN R. OLSEN, ESQ.

I, John R. Olsen, Esq., pursuant to 28 U.S.C. § 1746, declare as follows:

1.    The factual statements made in this declaration are based upon my personal knowledge of the transactions described herein and my review of related documents.

2.    I am currently Counsel at Packaging Corporation of America, a Delaware corporation incorporated on January 25, 1999 ("New PCA"). In 1977 and 1978, I was employed as an attorney in the legal department of Packaging Corporation of America, a Delaware corporation incorporated in April 1965 and now known as Pactiv Corporation ("Old PCA"), and participated in the transactions described herein. Old PCA was the corporate parent of Tennessee River Pulp & Paper Company ("Tennessee River").

3.    In late 1977, Tennessee River, through a subsidiary, reached an agreement to purchase the stock of the Dixon Lumber Company, Inc. ("Dixon"). Dixon had a number of subsidiaries, including Lockhart Lumber Company, Inc. (an Alabama corporation) and D & D Lumber Company, Inc. (a Delaware corporation). Those subsidiaries had operated a wood treatment facility in Lockhart, Alabama.

4.    The transaction closed on January 19, 1978. As of the closing, Lockhart Lumber Company, Inc. and D & D Lumber Company, Inc. became indirect subsidiaries of Tennessee River.

5.    Tennessee River engaged in a corporate restructuring in November 1978. All of the newly-acquired entities merged into Tennessee River through a series of mergers. Effective November 1, 1978, Dixon merged into Conecuh Lumber Company, Inc.; Conecuh merged into Lockhart Lumber Company, Inc., Lockhart Lumber merged into D & D Lumber Company, Inc., and D & D Lumber merged into Tennessee River.

EXHIBIT
5

6. Thus, as of November 1, 1978, Tennessee River (through its TMA Forest Products Group division) directly owned and operated the Lockhart, Alabama wood treatment facility. It continued to own and operate the facility until the facility was sold to Louisiana Pacific Corporation in 1983.

7. In conjunction with the corporate restructuring in November 1978, I took steps on behalf of Old PCA to reserve the names of the dissolved corporations (including Lockhart Lumber Company, Inc. and D & D Lumber Company, Inc.) in Alabama, Florida, and Tennessee.

8. I contacted the Alabama Secretary of State and was told that Old PCA would have to set up new corporations in order to reserve the names beyond 90 days.

9. I retained the United States Corporation Company in New York to submit the necessary paperwork to incorporate a new Lockhart Lumber Company, Inc. and a new D & D Lumber Company, Inc., among other entities. These new entities were then incorporated in Montgomery County, Alabama as of November 13, 1978.

10. The new Lockhart Lumber Company, Inc. and the new D & D Lumber Company, Inc. incorporated on November 13, 1978 at my request were merely name-saver corporations. They never had any active operations whatsoever, at the Lockhart facility or anywhere else. The incorporators of those entities, Paul Allersmeyer, John Hoenigmann, and Thomas Hennelly, were employees of the United States Corporation Company. They had no other connection to Old PCA or Tennessee River and never had any connection to the Lockhart facility.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2006

John R. Olsen, Esq.

2