# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| GINGER CRAVEY, as Administratrix of the Estate of RILEY CRAVEY, deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TMA FOREST PRODUCTS, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 2:06-CV-00191<br><br>(Removed from the Circuit Court of Covington County, Alabama) |

## DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL

On June 28, 2006, Defendants Pactiv Corporation and Louisiana-Pacific Corporation jointly moved this Court for an order compelling Plaintiffs to produce prior witness statements of ten witnesses who will be deposed on an expedited basis. As Defendants' motion to compel makes clear, these statements are critical because the depositions have been expedited due to concerns about the witnesses' declining memories and health. On that ground, Defendants have demonstrated a substantial need for these statements. Indeed, Plaintiffs' counsel's express representations to this Court about the witnesses' rapidly fading memories underscores Defendants' need for the pre-litigation statements as well as Defendants' inability to obtain the substantial equivalents.[1]

---

[1] On one hand, Plaintiffs claimed that expedited depositions were necessary due to failing memories, Alzheimer's-like symptoms, and declining cognitive function. On the other

On June 30, Plaintiffs filed a "Motion to Allow Plaintiff to Send Disputed Material to Magistrate Judge for *In Camera* Inspection"  In their motion, Plaintiffs represent that the witness statements are part of a "Florala Mediation CD" that was "shown to Defendants after a confidentiality agreement."  As shown below, Plaintiffs' filings materially misstate the circumstances under which Defendants' representatives have been shown portions of the witness statements.

More importantly, however, the issue of whether the statements have been shown to Defendants in settlement meetings is wholly irrelevant to resolution of Defendants' Motion to Compel.  Documents are not immunized from discovery by their use in settlement negotiations.  Because the witness statements were made in advance of any meditation process, Defendants are not seeking statements made *during* compromise negotiations.

Likewise, Defendants' request for pre-litigation witness statements recorded verbatim from the witnesses themselves is not an effort to obtain the mental impressions, thoughts, or opinions of counsel.   But even assuming that the work product doctrine applies to the witness statements at issue, Defendants have shown "substantial need" for the statements and an inability to obtain their substantial equivalents.  Under Rule 23(b)(6), Defendants' Motion to Compel should be granted.

---

hand, Plaintiffs now argue that Defendants do not have substantial need of previously-recorded witness statements and can obtain the same information via deposition testimony.  In essence, Plaintiffs maintain that the witnesses' memories have declined enough to justify expediting the deposition process, but not enough to entitle Defendants to the prior statements.  Plaintiffs cannot have it both ways.

2

By way of further response to Plaintiffs' filings in response to Defendants' Motion to Compel, Defendants show the Court as follows.

1. Plaintiffs played excerpts of various recorded witness statements to Defendants' representatives, including undersigned counsel. Subsequent to Plaintiffs' disclosure of excerpts of recorded witness statements, the parties agreed to a formal mediation process under the auspices of John Bickerman & Associates in Washington, D.C.

2. The parties did not enter into any confidentiality agreement regarding prior witness statements. Instead, the parties signed the "Mediation Agreement" attached hereto as Exhibit A. In pertinent part, the Mediation Agreement provides that "evidence previously disclosed or known to a party, or that is otherwise admissible or discoverable, shall not be rendered confidential, inadmissible, or not discoverable solely as a result of its use in the mediation." *See* Ex. A, ¶ VI.

3. The signed affidavit of W. Eason Mitchell and other materials submitted in connection with Plaintiffs' Opposition to Defendants' Motion to Compel include statements to the effect that the "Florala Mediation CD" was only shown to Defendants with the understanding that such showing would not constitute a waiver of any otherwise applicable privilege or confidentiality. Again, these assertions ignore the fundamental questions of (a) whether any underlying privilege applied in the first place, and (b) if so, whether the statements are nonetheless discoverable under Fed. R. Civ. P. 26(b)(3).

4. The witness statements themselves were not made in compromise negotiations. Although Fed. R. Evid. 408 provides that statements made in compromise negotiations are inadmissible, Rule 408 has no bearing on the admissibility (or

discoverability) of otherwise discoverable materials merely shown during the course of compromise negotiations. *See* Fed. R. Evid. 408. Thus, the fact that Plaintiffs' counsel utilized portions of prior witness statements in pre-litigation mediation proceedings is irrelevant to discoverability of those statements under Fed. R. Civ. P. 26(b).

6.  Plaintiffs' "Response in Opposition to Defendants' Motion to Compel" complains that "Defendants have not let the natural course of discovery run prior to making this demand for production by the Plaintiff." *See* p. 3. Not only do Plaintiffs ignore the fact that these expedited depositions are being taken outside the natural course of discovery *at Plaintiffs' request,* but Plaintiffs' reliance on *In re: International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235 (5th Cir. 1982), is misplaced. In that case, the Court specifically recognized that a party "can demonstrate undue hardship if the witness cannot recall the events in question." *Id.* at 1240. Because Plaintiffs' counsel have expressly represented that the witnesses suffer from failing memories, Defendants' need for the witnesses' prior statements and the undue hardship caused by Plaintiffs' refusal to produce them is obvious.[2]

7.  For the reasons set forth above and in Defendants' Joint Motion to Compel, Defendants respectfully request that this Court issue an order compelling Plaintiffs to produce any and all written or recorded statements taken from any of the ten

---

[2] Plaintiffs' reliance on *Williamson v. Moore* (incorrectly cited by Plaintiffs as *Williams v. Taylor*), 221 F.3d 1177 (11th Cir. 2000) and *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386 (11th Cir. 1994) is also misplaced. Setting aside the issue of whether the verbatim recorded witness statements Defendants seek here constitute "opinion" work product (which they do not), *Williamson* and *Cox* recognize that even *attorney opinion* work product may be discoverable under certain circumstances. *See Williamson,* 221 F.3d at 1182-83; *Cox,* 17 F.3d at 1422.

4

party and non-party witnesses identified in the proposed Consent Scheduling Order on Expedited Depositions (June 22, 2006), unedited and in their entireties.

Respectfully submitted this 9th day of July, 2006.

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com


ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

5

/s/ Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com


ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon, Jr.

Robert Leslie Palmer

W. Lee Gresham, III

Dennis R. Bailey

R. Austin Huffaker

Laura Proctor

H. Thomas Wells, Jr.

John A. Earnhardt

E. Bryan Nichols

John C. Berghoff, Jr.

Mark R. TerMolen

Matthew C. Sostrin

/s/ Orlyn O. Lockard, III<br>Of Counsel